IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MARIO DANT'E RAMSEY,                )
                                    )
                Plaintiff,           )
                                    )
        v.                          )    1:22CV610
                                    )
T. BETHEA, et al.,                  )
                                    )
                Defendants.          )

## ORDER AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

Plaintiff Mario Dant'e Ramsey, a *pro se* prisoner, filed this action against several Defendants alleging constitutional violations stemming from an incident occurring at the Scotland Correctional Institution in April 2022. (*See generally* Compl., Docket Entry 2.) Waivers of service of process were issued and returned executed for Defendants Tony Bethea, Rosalyn Hester, and Jeffrey Limkemann (collectively hereinafter "Defendants"). (*See* Docket Entry 7 (and attachments); Docket Entry 10.)[1] An extension of time to answer was granted, making Defendants' answer to Plaintiff's Complaint due on February 20, 2023. (*See* Text Order dated 1/27/2023.) After Defendants failed to respond, Plaintiff filed the pending motion for summary judgment and motion for default judgment. (Docket Entries 16, 17.) The Court thereafter ordered Defendants to file a response to Plaintiff's motions,

---

[1] Defense counsel was unable to procure a waiver of service of process for Defendant Officer Woods. (*See* Docket Entry 11.) Reference to "Defendants" in this order and recommendation does not include Defendant Woods.

(*see* Text Order dated 3/20/2023). Defendants received an extension to file said response (*see* Text Order dated 4/5/2023) and have now filed: (1) an answer to Plaintiff's Complaint (Docket Entry 23) and motion to deem the answer as timely filed (Docket Entry 24); (2) a response in opposition to Plaintiff's motion for default judgment (Docket Entries 25, 26); and (3) a request to extend their response time to Plaintiff's motion for summary judgment until this Court rules on Plaintiff's motion for default judgment (Docket Entry 27). In addition, Plaintiff has filed: (1) a document entitled "Motion for Settlement Claim Closing Argument and Conclusion" (Docket Entry 21); (2) a document entitled "Motion to Compel and Amend, Motion to Deem Motion to Respond to Plaintiff's Motion for Summary Judgment and Motion for Default Judgment" (Docket Entry 29); (3) motions to procure waivers of service of process (Docket Entries 30, 31); (4) and a document entitled "Motion for evidentiary hearing and Motion for to sue in individual capacity" (Docket Entry 32).

At the outset, the Court notes that Plaintiff seeks default judgment against Defendants (Docket Entry 17), however neither the Clerk nor the undersigned has entered a default in this case. Consequently, Plaintiff's motion for default judgment will be treated as a motion for entry of default. As previously stated, Defendants have now filed an answer, a motion to deem their answer as timely filed, and a response to Plaintiff's request for default judgment. (Docket Entries 23, 24, 26.) In Defendants' motion to deem their answer as timely filed, defense counsel explains that she had not made a general appearance and was not initially receiving the Notices of Electronic Filing in this matter as she was still determining the extent of her representation under the Defense of State Employees Act. (Docket Enty 24 at 2.) Defense counsel further states that even when she received notice

of the Court's March 20, 2023 Text Order via email, counsel had an unexpected emergency with the death of her sister on March 22, 2023. (*Id.* at 3.) Defense counsel returned to her regular work schedule on April 17, 2023. (*Id.*)

"When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b). Relevant factors when considering excusable neglect include "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

Upon review, the undersigned concludes that Defendants have demonstrated excusable neglect for failing to timely answer the Complaint. Defense counsel has explained good reason for the delay and there is no indication that anyone acted in bad faith. Further, the delay was not long, and the Court finds no prejudice to Plaintiff in allowing the answer to be deemed timely filed. Indeed, courts generally are in favor of resolution of civil actions on the merits. *See Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969). Based upon the foregoing, Defendants have demonstrated excusable neglect, therefore their motion to deem their answer as timely filed (Docket Entry 24) will be granted, and Plaintiff's motion for default judgment, construed as a motion for entry of default against Defendants (Docket Entry 17), will be denied.[2] *See McClary v. Lightsey*, No.

---

[2] These same factors, in addition to the meritorious defenses alleged in the answer (Docket Entry 23), also demonstrate good cause for why default should not be entered. *See Tolson*, 411 F.2d at

3

5:16-CT-3052-BO, 2018 WL 9849553, at *2-3 (E.D.N.C. June 20, 2018) (unpublished) (finding excusable neglect for defendant's untimely answer, therefore denying plaintiff's motion for entry of default and granting defendant's motion to deem answer timely filed), *aff'd*, No. 19-6901, 2019 WL 5787984 (4th Cir. Nov. 6, 2019) (unpublished). For the same reasons, Plaintiff's motion entitled "Motion to Compel and Amend, Motion to Deem Motion to Respond to Plaintiff's Motion for Summary Judgment and Motion for Default Judgment" (Docket Entry 29) will be denied.[3]

Having found such, the undersigned further concludes that Plaintiff's motion for summary judgment (Docket Entry 16) should be denied without prejudice as premature.[4] Discovery has not commenced in this case as the Court has not issued a scheduling order. *Temkin v. Frederick Cnty. Comm'rs*, 945 F.2d 716, 719 (4th Cir. 1991) (internal quotations and citation omitted) ("Summary judgment may only be entered after adequate time for discovery."). Further, Plaintiff's motion entitled "Motion for Settlement Claim Closing Argument and Conclusion" (Docket Entry 21) which also seeks to resolve of this matter on the merits, should be denied without prejudice as premature at this time.[5]

---

130 (noting factors considered when relieving a party of default to include the "shortness of the delay," "absence of gross neglect," "lack of prejudice," and the assertion of a "meritorious defense").

[3] In this motion, Plaintiff appears to assert that the answer to the Complaint could have been filed earlier by another defense counsel after he made an appearance and requested an extension in this case. (*See* Docket Entry 29.) However, as stated herein, the undersigned finds grounds to warrant the answer as timely filed.

[4] The undersigned will deny as moot Defendants' request to extend their response time to Plaintiff's motion for summary judgment.

[5] To the extent Plaintiff's motion would be construed as seeking relief under Federal Rule of Civil Procedure 55(b), it would be moot.

Further, as to Plaintiff's motions to procure waivers of service of process (Docket Entries 30, 31), they will be denied. Plaintiff indicates that he incorrectly named a defendant (*see* Docket Entry 30) and attempts to name another individual, Lt. Locklear, as a defendant in this action (*see* Docket Entry 31). The Court will not seek waivers for individuals not named as defendants in this action. If Plaintiff is attempting to amend his Complaint, he should do so pursuant to Federal Rule of Civil Procedure 15 and in accordance with Local Rule 15.1. For similar reasons, Plaintiff's motion for an evidentiary hearing and motion to sue Defendants in their individual capacity (Docket Entry 32) will be denied. The Court notes that the Complaint reflects that Defendants Bethea, Limkemann, and Hester have been sued in their individual capacity. (*See* Compl. at 2-3.) In any event, Plaintiff must follow the appropriate procedures to amend his Complaint in this matter.

In conclusion, for the reasons stated herein, IT IS HEREBY ORDERED that Defendants Tony Bethea, Rosalyn Hester, and Jeffrey Limkemann's Motion to deem the answer as timely filed (Docket Entry 24) is GRANTED and Plaintiff's Motion for Default Judgment, construed as a motion for entry of default against Defendants (Docket Entry 17) is DENIED. FURTHER, Plaintiff's motion entitled "Motion to Compel and Amend, Motion to Deem Motion to Respond to Plaintiff's Motion for Summary Judgment and Motion for Default Judgment" (Docket Entry 29) is DENIED, and Defendants' Motion for extension of time to respond to Plaintiff's motion for summary judgment (Docket Entry 27) is DENIED as moot.

FURTHER, Plaintiff's motions to procure waivers of service of process (Docket Entries 30, 31) is DENIED, and Plaintiff's motion entitled "Motion for evidentiary hearing

and Motion for to sue in individual capacity" (Docket Entry 32) is DENIED.

IT IS HEREBY RECOMMENDED that Plaintiff's Motion for Summary Judgment (Docket Entry 16) and motion entitled "Motion for Settlement Claim Closing Argument and Conclusion" (Docket Entry 21) be denied without prejudice.

_____
Joe L. Webster
United States Magistrate Judge

May 16, 2023
Durham, North Carolina